J-A05016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KIMBERLY GUERIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ROSEN, SHAFER, & DIMEO LLP, AND | : | |
| ROCHELLE FEDULLO, | : | |
| ADMINISTRATRIX OF THE ESTATE OF | : | |
| WILLIAM P. FEDULLO | : | |
| | : | No. 2072 EDA 2023 |
| Appellees | | |

Appeal from the Order Entered July 6, 2023
In the Court of Common Pleas of Northampton County
Civil Division at No(s):  C-48-CV-2019-01701

BEFORE:  DUBOW, J., KING, J., and LANE, J.

JUDGMENT ORDER BY KING, J.:               **FILED FEBRUARY 9, 2024**

Appellant, Kimberly Guerin, appeals *pro se* from the order entered in the Northampton County Court of Common Pleas, which granted the motions of Appellee, Rochelle Fedullo, administratrix of the estate of William P. Fedullo ("Attorney Fedullo"),[1] to enforce a settlement agreement and to seal the record.  We dismiss the appeal.

The trial court set forth the following relevant facts of this case:

> In 2019, [Appellant] filed this suit against [Attorney Fedullo and Law Firm] which generally alleges that Defendants were professionally negligent in handling a matter related to a commercial real estate sale negotiated by [Appellant].

---

[1] Attorney Fedullo died during the pendency of litigation and the court substituted his estate as a party.  Rosen, Shafer & DiMeo, LLP ("Law Firm") is the law firm where Attorney Fedullo practiced law before he died.

The initial Complaint contained a number of averments asserting a sexual relationship between [Appellant] and Attorney Fedullo which were stricken by the [court] in an Order filed on July 20, 2020.

Following Attorney Fedullo's passing, [Appellant] began contacting Attorney Fedullo's family and Defendant Rochelle Fedullo's counsel to leave harassing voicemails.

As a result, a consent Order was entered on March 18, 2022, forbidding [Appellant] from contacting Attorney Fedullo's family and the counsel representing his estate.

The underlying litigation was resolved with a Mutual Releases and Resolution Agreement ("Agreement") signed by the parties which is effective as of October 19, 2022.

The Agreement contains a "No Harassment" provision.

The Agreement is conditioned upon the removal or sealing of the "Verified Statement by [Appellant]" filed on September 2, 2022, in which [Appellant] claims that Attorney Fedullo raped her.

At the time the Agreement was entered into, [Appellant] was represented by Clifford B. Cohn, Esquire.

On October 23, 2022, Attorney Cohn forwarded the executed Agreement, bearing the notarized signature of [Appellant], to Defendants' counsel.

The following day, Attorney Cohn sent Defendants' counsel a signed *praecipe* to discontinue this action.

On November 1, 2022, roughly one week after the Agreement was signed, Defendants' counsel sent Attorney Cohn a proposed consent order to correct the case caption and to seal the "Verified Statement by [Appellant]."

In response, Defendants were made aware that [Appellant] then represented herself.

Thereafter, [Appellant] continued to file documents alleging

that Attorney Fedullo raped her, namely a "Response" filed November 10, 2022, a "Response" filed November 29, 2022, an "Amended Response" filed December 29, 2022, and a "Verification" filed February 17, 2023.

(Trial Court Opinion, filed 7/6/23, at 2-4) (reformatting provided). Following Attorney Fedullo's death, Rochelle Fedullo filed a motion to enforce the Agreement on November 9, 2022, and a motion to seal the record on April 5, 2023. The court held a hearing on the motions, as well as Appellant's responses, on May 10, 2023. On July 6, 2023, the court granted the motions to enforce the Agreement and to seal documents. This timely appeal followed.

As a preliminary matter, both Rochelle Fedullo and the Law Firm argue that Appellant has waived all issues on appeal based on her failure to request the transcript of the May 10, 2023 hearing. Pennsylvania Rule of Appellate Procedure 1911 states: "The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rule 4001 *et seq*. of the Pennsylvania Rules of Judicial Administration." Pa.R.A.P. 1911(a). "If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal." Pa.R.A.P. 1911(d). **See also Commonwealth v. Preston**, 904 A.2d 1 (Pa.Super. 2006) (*en banc*), *appeal denied*, 591 Pa. 663, 916 A.2d 632 (2007) (explaining that when appellant fails to comply with Rule 1911, any claims that cannot be resolved in absence

of necessary transcript must be deemed waived for appellate review).

Instantly, on the "Request for Transcript" form attached to her notice of appeal, Appellant checked the boxes stating: "No hearing or trial was held prior to Orders being issued by the court" and "There is no verbatim record of the proceedings." (Request for Transcripts, filed 7/27/23, at 1). Thus, Appellant did not request the transcript of the May 10, 2023 hearing. Appellant's failure to ensure that the certified record contained the relevant transcript constitutes waiver and precludes this Court from conducting meaningful review of her issues. *See* Pa.R.A.P. 1911(a), (d); ***Preston, supra***. Accordingly, we dismiss the appeal and strike this case from the argument list.[2]

Appeal dismissed. Case is stricken from argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/9/2024

---

[2] Rochelle Fedullo has filed an application for relief, requesting this Court to limit access and attendance at oral argument to the parties and their counsel. Based on our disposition, we deny the application as moot.

- 4 -